## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DASCIA ROSEMARIE WILLIAMS, Debtor, | ) | |
| | ) | Case No. 17-11704-JGR |
| Address:    1127 Nucla Street | ) | |
|              Aurora, CO 80011 | ) | |
| | ) | Chapter 13 |
| Last four digits of SS#:  7217 | ) | |
| | ) | |

_____

### WEINBERG SERVICING, LLC'S OBJECTION TO CONFIRMATION OF
### DEBTOR'S AMENDED CHAPTER 13 PLAN

_____

Weinberg Servicing, LLC ("WS"), through its undersigned counsel, submits the following as its Objection to Confirmation of Debtor's Amended Chapter 13 Plan:

1.        The Debtor, Dascia Rosemarie Williams ("Debtor"), acting individually, filed a Chapter 13 petition in this case on March 6, 2017. Doc#:1. In her Petition, Debtor states that she is the settlor, trustee, and beneficiary of the Dascia R. Lau Family Trust (the "Trust"). *Id*. at p. 12. On May 4, 2017, Debtor filed an Amended Chapter 13 Plan ("Amended Plan"). Doc#:18. Pursuant to the proposed Amended Plan, Debtor agreed to make monthly plan payments to WS of $933.00 on or before the first of each month for a period of 22 consecutive months. *Id*. at p. 4.

2.        WS's Secured Debt.  On or about March 5, 2015, WS made a loan to the Trust in the original principal amount of $55,000.00, which loan is evidenced by a Promissory Note (the "Note") dated March 5, 2015 executed by Debtor as Trustee for the Trust. Repayment of the Note is secured a Deed of Trust on real property owned by the Trust, dated March 5, 2015, and recorded on March 9, 2015, at Reception No. D5022366 in the Clerk and Recorder's Office of the County of Arapahoe, State of Colorado (the "Deed of Trust").  The Deed of Trust encumbers the following described real property that is owned by the Trust (the " Property"):

> Lot 12, Block 24, Apache Mesa, Second Filing
> County of Arapahoe
> State of Colorado
>
> Also known as: 1127 Nucla Street, Aurora, Colorado 80011.

3.        On or about November 18, 2016, WS commenced foreclosure proceedings with the Public Trustee of the County of Arapahoe, Colorado (the "Arapahoe County Public Trustee") under Public Trustee Sale No. 0634-2016 (the "Foreclosure Sale") in which WS sought to foreclose its security interest in the Trust Property.  Two days prior to the scheduled Foreclosure

Sale date of March 8, 2017, Debtor filed her Chapter 13 Case and in her petition, listed the Trust as an alternative name of Debtor.  The Property is lised as an asset of the Debtor in her petition.

4.        <u>Objections to Plan</u>.  Pursuant to Rule 3015(f) of the Federal Rules of Bankruptcy Procedure and Rule 3015-1(e) of the Local Bankruptcy Rules, WS hereby objects to Debtor's Amended Chapter 13 Plan (the "<u>Plan</u>") (Doc#:20) for each of the reasons set forth below.

5.        <u>The Debtor is in default of her Amended Plan.</u>  Debtor's proposed Amended Plan, paragraph IV(B)(1), provides that she will make regular monthly payments directly to WS in the amount of $933.00 beginning on April 1, 2017. However, WS has not received the monthly payments for the months of May and June, 2017, and Debtor is therefore in default under the terms of the proposed Amended Plan.

6.        <u>The Amended Plan is not feasible</u>.  11 U.S.C. § 1325(a)(6) requires a debtor to demonstrate she will "be able to make all payments under the plan and to comply with the plan." This requirement is frequently described as the "feasibility" requirement. *In re Kahn*, Case No. 14-13514-MER, 2015 WL 739854, *3 (Bankr. D. Colo. Feb. 19, 2015). To satisfy the feasibility requirement, "a debtor's plan must have a reasonable likelihood of success," and the debtor must be able to demonstrate that she has both the present and future capacity to meet the requirements of the proposed plan. *See id.*; *see also In re Lundahl*, 307 B.R. 233, 244–45 (Bankr. D. Utah 2003) (concluding that a proposed Chapter 13 Plan was not feasible where the debtor's proposed budget was unrealistically lean, rendering the debtor's future ability to satisfy the terms of the plan unlikely); *In re Heck*, 355 B.R. 813, 823–25 (Bankr. D. Kan. 2006) (holding that the debtor's plan was not feasible because she did not have sufficient income to make all payments under the plan).

7.        Here, Debtor's most recent Schedules I and J show that Debtor is unemployed and has no income other than food stamps. Doc#:1, pp. 36-40. Debtor lists income from food stamps of $800 per month, but there is no indication such funds could be used to assist in making Amended Plan payments. Debtor has seven dependent children living with her at the Property. *Id*. at p. 38.

8.        Debtor's Schedule I indicates the only current income for the household is $4,947 in gross monthly income earned by her spouse ($4,134.80 in take-home pay), but Debtor's spouse did not present testimony or documentation to demonstrate that he would contribute to pay the debt owed to WS under the proposed Amended Plan. Debtor bases her ability to make future payments on income which is earned entirely by her spouse.  For these reasons, Debtor has failed to demonstrate the Amended Plan is feasible and as independent grounds under § 1325(a)(6), confirmation should be denied.

9.        As further evidence of her inability to make plan payments, the Debtor has failed to pay $300 per month to the trustee for the months of May and June 2017. *See* Doc#:26. Thus, Debtor is unable to fulfill the obligations of the proposed Amended Plan.

WHEREFORE, for the reasons set forth herein, WS objects to confirmation of the Amended Plan and requests that this bankruptcy case be dismissed unless the objections set forth above are resolved.

DATED:  June 15, 2017                    TIMMINS LLC

                                         /s/ Edward P. Timmins
                                         Edward P. Timmins, #11719
                                         450 E. 17th Ave., Suite 210
                                         Denver, CO  80203
                                         Phone:  (303) 592-4500
                                         Fax:    (303) 592-4515
                                         Email:  et@timminslaw.com
                                         *Attorneys for Movant Weinberg Servicing, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2017, copies of the foregoing document titled Weinberger Servicing, LLC's Objection to Confirmation of Debtor's Amended Chapter 13 Plan have been served on the following by depositing same in a U. S. mailbox, postage prepaid:

Daniel T. Birney
1777 S. Bellaire Street, Suite 419
Denver, CO 80222

Douglas B. Kiel
Chapter 13 Trustee
4725 S. Monaco St., Ste. 120
Denver, CO 80237

                                         /s/  Tonja L. Hoisington
                                         Tonja L. Hoisington, Paralegal